IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CHRISTOPHER OLIVA,

    Plaintiff,

v.                                                            C.A. No.:    1:19-cv-1118

DISASTER AND EMERGENCY MANAGEMENT
SERVICES INTERNATIONAL, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER OLIVA (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, has offices Travis County, Texas.

## THE PARTIES

4. Plaintiff, CHRISTOPHER OLIVA, is an individual residing in Bexar County, Texas.

5. Plaintiff, CHRISTOPHER OLIVA, was employed by Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, from approximately May 26, 2019, until September 12, 2019, as a "Recruiter," at the regular rate of $28.85 per hour, plus commissions. Plaintiff's principle duties were to recruit employees on behalf of the Defendant and its customers.

6. Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, is a limited liability company existing under the laws of the State of Oregon and maintains offices in Travis County, Texas.

7. Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, is a company that primarily operates a

business that places skilled professionals on government contracts, specializing in disaster recovery and emergency management services and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff utilized the channels of interstate commerce as part of his regular and recurring job duties, e.g., internet and interstate telephone and facsimile communications.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

12. Plaintiff re-alleges and incorporates herein paragraphs 1-11, *supra*.

13. Plaintiff 1) occupied the position of "Recruiter;" 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on an hourly, plus commission, basis.

14. Defendant's management required Plaintiff to work in excess of 40 hours in a workweek.

15. Plaintiff was not paid for his overtime work in accordance with the FLSA.

16. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Specifically, Plaintiff was never paid overtime that included the commissions earned by the Plaintiff in the workweeks in which he worked in excess of 40 hours. Instead, Plaintiff was merely paid one and one-half times his hourly rate.

18. The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous

workweeks.

19. Plaintiff worked numerous workweeks wherein he worked in excess of 40 hours in workweek, but was not paid in accordance with the overtime requirements of Section 7(e) of the Act, 29 U.S.C. § 207(e), which requires the inclusion in the regular rate of all remuneration for employment except eight specified types of payments, none of which apply herein.

20. Defendant's policy of not properly paying overtime is company-wide and was willful.

21. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as an employer under the FLSA.

22. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

23. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

24. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

25. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, CHRISTOPHER OLIVA, demands Judgment against Defendant for the following:

   a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

   b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

   c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

   d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
## CAUSE OF ACTION: BREACH OF CONTRACT

29. Plaintiff re-alleges and incorporates herein paragraphs 1-7, *supra*.

30. This claim is properly before this Court pursuant to 28 U.S.C. § 1367(b).

31. On or about May 26, 2019, Defendant offered employment to Plaintiff as a recruiter at an hourly rate of $28.85 per hour plus commission.

32. On or about May 26, 2019, Plaintiff accepted Defendant's offer under the terms stated.

33. In furtherance of the Parties' employment agreement:

    a. Plaintiff earned $530.93 in commission, which was paid to him by the Defendant on June 28, 2019;

    b. Plaintiff earned $5,200.03 in commission, which was paid to him by the Defendant on July 26, 2019; and,

    c. Plaintiff earned $18,197.73 in commission, which was paid to him by the Defendant on August 23, 2019.

34. In furtherance of the Parties' employment agreement, Plaintiff earned approximately $35,000.00 in commission between August 1, 2019, and August 31, 2019, for which he was not compensated at all.

35. Despite earning the commission referred to in the preceding paragraph, and Defendant detailing the earned commissions in an e-mail to Plaintiff on or about September 4, 2019, Defendant terminated the Plaintiff's employment on September 12, 2019, and informed him that it had no intention of paying the Plaintiff his earned commissions.

36. Defendant breached the Parties' agreement by not compensating Plaintiff for the commissions he earned in accordance with the Parties' contract.

37. As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

38. Plaintiff is entitled to recover his reasonable attorney's fees and costs incurred as a result of bringing this action pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

39. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, for the following:

e. Awarding Plaintiff his unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

f. Awarding Plaintiff pre-judgment interest as provided by law,;

g. Awarding Plaintiff such other and further relief as the Court deems just and proper.

### COUNT III
### CAUSE OF ACTION: QUANTUM MERUIT

29. Plaintiff re-alleges and incorporates herein paragraphs 1-7, *supra*.

30. This claim is properly before this Court pursuant to 28 U.S.C. § 1367(b).

31. Plaintiff provided valuable recruitment services to the Defendant from August 1, 2019, through August 31, 2019.

32. The valuable recruitment services Plaintiff provided to the Defendant were provided on behalf of the Defendant and for the Defendant's

benefit.

33. The Defendant accepted the valuable recruitment services provided by the Plaintiff.

34. On or about September 4, 2019, Defendant sent an email to the Plaintiff detailing and acknowledging approximately $35,000.00 in commission owed to the Plaintiff for the valuable recruitment services he provided to the Defendant from August 1, 2019, through August 31, 2019.

35. The Defendant had reasonable notice that the Plaintiff expected compensation for the valuable recruitment services in accordance with Defendant's prior compensation practices.

36. The valuable recruitment services were reasonably worth the sum of approximately $35,000.00 at the time they were furnished.

37. Defendant has refused to pay Plaintiff for the services he provided from August 1, 2019 to August 31, 2019.

38. Defendant's conduct proximately caused Plaintiff's damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, DISASTER AND EMERGENCY MANAGEMENT SERVICES INTERNATIONAL, LLC, for the following:

h. Awarding Plaintiff his unpaid commissions, compensatory damages, attorneys' fees and litigation expenses as provided by law;

i. Awarding Plaintiff pre-judgment interest as provided by law;

j.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CHRISTOPHER OLIVA, demands a jury trial on all issues so triable.

Respectfully submitted this November 18, 2019.

        **ROSS • SCALISE LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFFS**